UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BAKER, on behalf of himself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEDRIVEU, INC. and WEDRIVEU AMERICA LLC, )<br>)<br>Defendants. )<br>) | Case No. 1:24-cv-11986<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff Charles Baker, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants WeDriveU, Inc. and WeDriveU America LLC for their violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA").

## INTRODUCTION

1. WeDriveU is an employer in Illinois that provides transportation services to a variety of individual, university, and corporate customers.

2. As part of its hiring process, WeDriveU requires potential employees to submit to a preemployment screening during which the potential employees must disclose their family medical histories. This practice violates GIPA.

3. The Illinois General Assembly recognized a strong right to privacy when it enacted GIPA. It specifically recognized how important this right was for genetic information, including familial health history, given how sensitive that information is for individuals.

4. GIPA, among other things, regulates employers' use of genetic information. It specifically notes that an employer shall not "solicit, request, require, or purchase genetic testing or genetic information of a person or a family member of the person." 410 ILCS 513/25(c).

5. GIPA defines "genetic information" as information pertaining to, among other things "the manifestation of a disease or disorder in family members of such individual." 410 ILCS 513/10; 45 C.F.R. § 160.103.

6. WeDriveU violated GIPA when it required potential employees, like Plaintiff, to disclose their family medical histories during the preemployment application process

7. Plaintiff, on behalf of himself and all others similarly situated, bring this action seeking damages, injunctive relief, attorneys' fees, and costs.

**PARTIES**

8. At all times relevant to this action, Plaintiff Charles Baker ("Plaintiff" or "Baker") was domiciled in and was a resident of Lansing, Cook County, Illinois.

9. Defendant WeDriveU, Inc. ("WeDriveU, Inc.") is a California corporation with its principal place of business at 121 2nd Street, Suite 300, San Francisco, CA 94105. It has a registered Illinois corporate address at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10. Defendant WeDriveU America LLC ("WeDriveU LLC," and together with WeDriveU, Inc., "WeDriveU") is an Indiana limited liability company with its principal place of business at 2601 Navistar Drive, Lisle, IL 60532. It has a registered Illinois corporate address at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because there are 100 or more class members; at least one class member

2

is a citizen of a state that is diverse from Defendants' citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

12. Defendants have sufficient minimum contacts with this District to be subject to the personal jurisdiction of this Court. In particular, Defendants operate, conduct, and engage in substantial business in this District, and Plaintiff's claims arise out of actions that occurred in this District.

13. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### The Illinois General Assembly enacted GIPA to enshrine a right to privacy for its citizens' genetic information

14. Advances in mapping the human genome have opened up a world of possibilities for using genetic information to learn about one's family tree, glean insights as to how our genetic code affects our health and behavior, and to prevent and treat diseases.

15. But these advances have also come with risks—genetic information is extremely private, very sensitive, and could be used by outside parties for discriminatory or other improper purposes.

16. The Illinois General Assembly recognized this risk and passed GIPA in 1998. In doing so, it sought to enshrine a right to privacy for its citizens and to protect their genetic information.

17. Specifically, it found that "[l]imiting the use or disclosure of, and requests for, protected health information to the minimum necessary to accomplish an intended purpose, when being transmitted by or on behalf of a covered entity under HIPAA, is a key component of health information privacy." 410 ILCS 513/5.

3

18. GIPA defines genetic information identically to the federal Health Insurance Portability and Accountability Act:

> "Genetic information means:
>    ***
> (i) The individual's genetic tests;
> (ii) The genetic tests of family members of the individual;
> (iii) The manifestation of a disease or disorder in family members of such individual; or
> (iv) Any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual."

410 ILCS 513/10; 45 C.F.R. § 160.103.

19. Recognizing that employers may be especially prone to use genetic information in a discriminatory manner, GIPA specifically provides that:

> An employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:
>
> (1) solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for or the receipt of genetic

> testing or genetic information by such employee or family member of such employee; and
>
> (4) retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c) (emphasis added).

20. Similarly, even if an employer lawfully obtains genetic information under GIPA, it "still may not use or disclose the genetic tests or genetic information in violation of this Act." 410 ILCS 513/25(j).

21. The invasion of this "legally protected privacy right…is personal and real, not general and abstract." *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146, 1149 (7th Cir. 2020).

22. The Illinois General Assembly gave the law teeth to ensure compliance. GIPA allows for a private right of action and provides statutory damages of $2,500 per violation, or actual damages for parties who negligently violate the statute, and $15,000 per violation for those that intentionally or recklessly violate the statute. 410 ILCS 513/40(a). GIPA further provides for the recovery of attorneys' fees, costs, and other litigation expenses. *Id*.

**WeDriveU requires potential employees to submit to preemployment medical examinations that involve questions about their family medical histories.**

23. WeDriveU is an employer under GIPA because it employs individuals who live and work in Illinois.

24. WeDriveU is a global mobility provider that offers shuttle and transit services for various sectors and locations.

25. WeDriveU, as part of its application process, requires potential employees to submit to a preemployment application process that includes a medical examination.

5

26. WeDriveU performs these examinations through third-party medical professionals. Upon information and belief, WeDriveU does not instruct these medical professionals to refrain from asking questions regarding family medical history.

27. During these examinations, WeDriveU asks potential employees questions about their family medical histories, including family history of heart disease, cerebral palsy, stroke, or broken bones.

28. This violates GIPA. Family medical history is considered genetic information under GIPA, and WeDriveU directly and indirectly solicits such information as a condition of employment or the preemployment application process.

29. Upon information and belief, WeDriveU uses this practice on all prospective Illinois employees who wish to work at the company.

30. This invasion of a legally protected privacy right is personal and real, and each GIPA violation by Defendant "is sufficient in and of itself to render an individual an aggrieved person entitled to pursue relief." *Citizens Insurance Co. of America v. Wynndalco Enterprises, LLC*, 70 F.4th 987, 991 (7th Cir. 2023).

**WeDriveU required Plaintiff to disclose his  
genetic information as part of its preemployment application process**

31. Baker applied for a job as a bus driver with WeDriveU in or around March of 2024.

32. As part of the application process, and as a precondition for employment with WeDriveU, Baker was required to submit to a medical examination through a third-party medical provider chosen by WeDriveU. Baker had no choice which medical provider he could see.

33. The medical examination took place at Franciscan Working Well, 7905 Calumet Avenue, Munster, IN.

34. During the examination, Baker was asked questions about his family's medical history. Specifically, Baker was asked whether there was a history of cerebral palsy, heart disease, stroke, or broken bones in his family.

35. Baker answered the questions about his family medical history asked during the WeDriveU preemployment examination.

36. Baker was ultimately hired by WeDriveU and drove a bus for them for several months in 2024. All of Baker's employment duties took place in Cook County, Illinois.

## CLASS ALLEGATIONS

37. Plaintiff realleges the allegations in paragraphs 1-36, above, as if fully set forth in this paragraph.

38. Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action individually and on behalf of the following Class:

> All individuals in Illinois who, within the applicable limitations period, applied for employment with WeDriveU, or were employed by WeDriveU, and from who WeDriveU, or an agent, assign, contractor, or other third-party acting on behalf or at the direction of WeDriveU, requested, solicited, required, and/or obtained genetic information, including family medical history, in connection with the person's application for employment or person's employment with WeDriveU.

39. Plaintiff represents, and is a member of, the Class.

40. Excluded from the Class are any officer or director of WeDriveU, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

41. Plaintiff reserves the right to amend or modify the Class definition after having an opportunity to conduct discovery.

42. The Class meets all the criteria for certification under 735 ILCS 5/2-801. Plaintiff and all members of the Class have been harmed by the acts of WeDriveU, specifically suffering

7

injury to their "legally protected privacy right [which] is personal and real, not general and abstract." *Fox*, 980 F.3d at 1149.

43. Class-wide adjudication of Plaintiff's claim is appropriate because Plaintiff can prove the elements of his claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims

44. *Numerosity*. The members of the Class are so numerous that individual joinder of all Class members is impracticable. Although the exact number of members is unknown at this time, it can readily be determined from the internal business records of WeDriveU. Plaintiff reasonably estimates that there are hundreds of members in the Class.

45. **Commonality and Predominance**. Common questions of law and fact exist as to all members of the putative class that will drive the litigation and predominate over any questions affecting only individual class members. Common questions include, but are not limited to:

   a. Whether WeDriveU's conduct is subject to GIPA;

   b. Whether WeDriveU solicited, requested, or required the disclosure of Plaintiff's and other Class members' genetic information as a precondition of employment and/or as part of the preemployment application process;

   c. Whether WeDriveU's violations of GIPA were negligent;

   d. Whether WeDriveU's violations of GIPA were intentional or reckless;

   e. Whether WeDriveU should be enjoined from soliciting, requesting, or requiring the disclosure of information about potential employees' and employees' family medical history as a precondition of employment or as part of its preemployment application process; and

   f. Whether Plaintiff and Class members are entitled to damages, attorneys' fees and costs, and other litigation expenses under GIPA.

46. *Typicality.* Plaintiff's claims are typical of the claims of each member of the Class and are based on the same facts and legal theories as each of the members. Plaintiff, like all members of the Class, was asked to provide information about his family medical history by

WeDriveU during a preemployment medical examination and as a precondition for employment. Plaintiff, like all Class members, was thus subject to Defendant's common practices that violated GIPA. Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

47. ***Adequacy of Representation.*** Plaintiff is an adequate representative of the putative Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex class action litigation, who intend to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

48. ***Superiority.*** Questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by WeDriveU's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs. Plaintiff is not aware of any other current pending litigation against WeDriveU to which any Class member is a party involving the subject matter of this suit, and the Action presents no difficulties that will impede its management by the Court as a class action.

49. ***Injunctive Relief Appropriate for the Class.*** Class certification is appropriate because WeDriveU has acted on grounds generally applicable to the entire Class, thereby making appropriate injunctive relief and/or corresponding declaratory relief with respect to Plaintiff and putative Class members. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for WeDriveU. Injunctive relief is necessary to prevent further GIPA violations from WeDriveU.

## CLAIM FOR RELIEF

### COUNT I
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***

50. Plaintiff realleges the allegations in paragraphs 1-36, above, as if fully set forth in this paragraph.

51. WeDriveU is an employer under GIPA, 410 ILCS 513/10, as it employs individuals within the state of Illinois.

52. GIPA defines "genetic information" to include the manifestation of a disease or disorder in family members of an individual. 410 ILCS 413/10; 45 C.F.R. § 160.103.

53. Under GIPA, employers are prohibited from directly or indirectly soliciting, requesting, requiring, or purchasing genetic information of a person or a family member of the person as a precondition for employment or as part of any preemployment application process. 410 ILCS 513/25(c).

54. As a precondition for their employment with WeDriveU, and as part of their preemployment applications, Plaintiff and the members of the Class were required to answer questions regarding their family medical histories, which includes the manifestation of a disease or disorder in family members.

55. WeDriveU thus directly or indirectly solicited, requested, and required Plaintiff and the members of the Class to disclose their genetic information.

56. WeDriveU acted intentionally in violating GIPA by forcing Plaintiff and other members of the Class to undergo screenings that included questions about their family medical histories.

57. WeDriveU is a sophisticated company that has operated in Illinois for years. Its conduct was reckless as it knew or should have known about GIPA and its obligations under state law. This is particularly true given that WeDriveU operates and employs individuals in Illinois.

58. WeDriveU acted negligently in violating GIPA when it, among other things:

    a. Failed to inform employees and potential employees of their rights under GIPA; and

    b. Failed to train its employees, agents, assigns, contractors and other third-parties acting on its behalf on GIPA compliance.

59. Plaintiff and other members of the Class have been aggrieved by WeDriveU's violations of their rights under GIPA.

## DEMAND FOR JURY TRIAL

60. Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on behalf of himself and the Class he seeks to represent against WeDriveU for:

    a. An order certifying the asserted claim, or issues raised, as a class action;

    b. An order appointing Plaintiff as a representative for the Class and appointing his counsel as lead counsel for the classes;

    c. A judicial declaration that WeDriveU's practices violate GIPA;

    d. An order enjoining WeDriveU from continuing its practices of soliciting information about placement employees' family medical history as part of its pre-

|   |   |
|---|---|
|   | employment application process or as a condition of employment; |
| e. | Statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2);\ |
| f. | Statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); |
| g. | Pre-judgment and post-judgment interest; |
| h. | Reasonable attorneys' fees and costs, and other litigation expenses; and |
| i. | Any other and further relief that the Court deems just and proper. |

Dated: November 21, 2024              Respectfully submitted,

/s/ S. Jarret Raab
Gary M. Klinger (ARDC No. 6303726)
S. Jarret Raab (ARDC No. 6294632)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel. 866.525.0878
gklinger@milberg.com
jraab@milberg.com

Zachary Arbitman*
George Donnelly*
**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
Tel: 215.567.8300
zarbitman@feldmanshepherd.com
gdonnelly@feldmanshepherd.com

* *Pro ac Vice* applications forthcoming

*Counsel for Plaintiff and Proposed Class*